(15 App. Div. 452.)

## WALKER v. TAYLOR et al.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

1. WILLS—STATUTE AGAINST PERPETUITIES.
    The statute against perpetuities is violated by devise in trust to collect rents, and, after paying all charges, to divide the "balance of said annual rents" into several shares, and pay them to designated persons for life, and to their children, if any, forever.

2. SAME—DEVISE OF RENTS—RIGHT TO LAND.
    Such devise does not give the rents and profits to the beneficiaries, so as to render applicable the rule that, where rents and profits of land are given to any one, it is a devise of the land itself.

3. SAME—ELECTION BY BENEFICIARIES.
    The acceptance by one of testator's heirs of an unconditional legacy will not preclude him from contesting the validity of a devise of the realty.

Appeal from special term, New York county.

Action by James E. Walker against Sophia Ann S. S. Taylor and others for partition. There was a judgment in favor of defendants, and plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George D. Mumford, for appellant.

William Erdman, for respondents.

RUMSEY, J. This action was brought for the partition of certain property, a share in which the plaintiff claimed as heir at law of Edward Walker, deceased. His claim of title to the premises is based upon the proposition that the attempted devise of the premises by Edward Walker is void and vested no title. The devise in question was made in the seventh section of the will of Edward Walker, and by it the testator attempted to create a trust in the premises mentioned in that clause, for certain purposes declared therein, and the question is whether or not the trust is void because it violates the statute against perpetuities. The devise is to the executrix and trustees of the testator, and their survivors, of the premises mentioned in that clause, "in trust, nevertheless, to and for the ends, intents, and purposes hereinafter expressed and declared." For the purpose of enabling us to conclude whether the trust is valid, it is necessary for us to examine with some particularity the purposes for which it is created.

The testator directs, in the first place, that his executrix shall collect the rents from the tenants of the property, and pay out of them all charges upon the property, including interest and everything necessary for repairs, and insurance; and then, under the supervision of the other trustees, she shall divide the "balance of said annual rents" into five equal parts or shares, and shall pay to his wife two equal fifths parts or shares of such half-yearly balance for the term of her natural life, and to and for "her child or children, if any by me, forever." The testator makes a further provision with regard to this two-fifths, which will be considered later. He next gives to his daughter Sophia Ann S. S. two-fifths equal parts or shares of said balance or rents, and one-half fifth of said annual rent to his daughter Elizabeth Mary, and the

remaining half fifth to his daughter Bertha.     Other contingent gifts of some of these portions are also made.

The first thing to be noticed about this devise is that the title is given to the executors in trust, and that they are to receive the rents. It is necessary that the rents should go to them to enable them to pay the necessary expenses of the trust, including all those charges which must be borne from year to year to keep the property in such condition that a revenue may be earned by it.     This is the first duty imposed upon the trustees, and the first use to which the rents are to be put, and all the subsequent gifts of the revenues of this building take place after the expenses have been paid by the trustees, and the amount of those gifts is measured by the size of the fund which shall remain in the hands of the trustees after these payments have been made. These payments are to be made by the trustees, and not by any one of the cestuis que trustent themselves, and the cestuis que trustent have no right or interest in any portion of the earnings of the building until these payments have been taken out of the gross rents.     When that has been done, the fund for distribution comes into being, and there is no fund until that time.     It is quite evident from this, not only that it is necessary that the trustees should take the title to this property to enable them to manage and control it and receive the rents and profits, but it is equally necessary that the trust so far should be a trust in solido, and not a separate trust for each person who is entitled to share in the ultimate division of the rents.     There is but one estate in the trustees, which is created to serve the purpose of the whole trust.     This estate cannot be divided, because the trustees are required to take all the proceeds into their own hands, and there is imposed upon them a duty to expend out of the gross proceeds a certain portion, which is only measured by the necessities of the trust, and which may possibly require all of the rents in any given year, and no right exists in the beneficiaries to receive any portion of the rents until this first duty of the trustees has been performed.     Thus far, at least, it is quite clear that the estate is not divided into separate trusts.     The gift to the beneficiaries is carefully measured in each case by the balance of the rents which are left after payment of the expenses.     It is that balance which is to be divided into five parts, and it is the two-fifths of the balance which go to Mrs. Walker, and two-fifths of the said balance which go to Mrs. Taylor, and the remainder to be divided between Elizabeth Turner and Bertha Mather is the one-fifth which is left.     This gift of the balance of the rents after the payment of the expenses by the trustees continues during the whole time for which the devise is made.     The same balance which is given to Mrs. Walker is given to her children forever, if she has any; and the same balance which is given to Mrs. Taylor is given, after her death, to her children, or, in default of children, to the other beneficiaries mentioned in that portion of the seventh clause of the will.     The same may be said of the last fifth.     The gift to Elizabeth Turner is for her use and benefit forever, and the gift to Bertha Mather is for the term of her natural life, and after her death to Bertha Josephine, for her sole use and benefit forever.     So that it will be seen that the necessary intent of the testator, as derived from this

clause of his will, is that the gift to the beneficiaries named in it is the balance of the rents which shall be left after the trustees have done the duty which he imposes upon them, of paying the expenses of the trust, and that that balance shall be kept in existence just so long as the devise continues. There is no other way prescribed in that clause by which the amount of rent to go to any of the beneficiaries is measured, and there is no time, while any of these people or their descendants to the remotest generation shall receive a benefit under this clause, when that benefit is not limited to the balance of the rents after payment by the trustees of the expenses of the trust. In this view of the case, it makes little difference whether it shall be said that the primary share of each one of the beneficiaries is a separate trust, or whether the whole trust is one estate, going to the trustees with the duty upon them of dividing the balance of the income. If it could be held that the devise of the balance of the two-fifths to Mrs. Walker creates a trust for her, separate from the other trusts, so that it is a trust estate by itself, that estate is none the less subject to the condemnation of the statute. The estate is two fifths shares of the half-yearly balance of the rents, and it is nothing else. It can only be, then, that proportion of that part of the rents which shall be left after the trustees have performed their duty of paying out of the gross rents which they must receive the expenses and interest chargeable upon the property, and that half-yearly balance is to be paid, not only to Mrs. Walker for her life, but to her children, if she has any, in perpetuity; and, if she has no children, then the same two-fifths is to be paid to two of the testator's other children, for their use and benefit forever. In any event, the trust to Mrs. Walker must continue beyond her life or the lives of her children, and their issue during all time, or, if that gift fails, to the son and daughter of the testator, and to their issue or heirs forever; so that, even if it is a separate estate, it still violates the statute against perpetuities. The same may be said of the two-fifths balance of the rents given to Mrs. Taylor, and of the one-fifth divided between Elizabeth Mary Turner and Bertha Mather. In each case these shares are to be ascertained in the same way through all time, and the last beneficiary gets just what the first beneficiary had,—a portion of the balance which shall be left after the trustees shall have performed their duties,—and each beneficiary gets that from the trustees or the survivor of them. Not only may each of these trusts, if they are regarded as separate, continue for more than two lives in being, but each one of them must necessarily continue in perpetuity. This renders it unnecessary to examine the question so thoroughly argued before us, whether this clause of the will creates one trust or several trusts.

But it is said by the defendants that there is given to each of the beneficiaries a portion of the rents and profits of the land, and that the rule should be applied that, where the rents and profits of land are given to any one, it is a devise of the land itself. But the rents and profits of this land are not given to any of the beneficiaries. In express terms, the gift to each one of them is limited to the balance of the rents after payment of certain expenses, and by express terms the land itself is given to the trustees for the purpose

of collecting these rents and profits, so that no case is made for the application of the rule that a gift of the rents and profits of land is a gift of the land itself.

But the defendants claim that, even if this clause of the will is void, yet that the plaintiff, having accepted a benefit under the will, is now precluded by that fact from questioning the validity of any portion of it. But such is not the rule of law. In order to put a devisee under a will to his election, his two claims must be entirely inconsistent with each other, and it must be shown by express words, or by necessary implication from the will itself, that the intention of the testator was that the devisee, if he took one of the benefits, should renounce the other. Unless that can be seen from the will, it is no case for the application of the principle that the devisee must elect. 1 Pom. Eq. Jur. § 472; Havens v. Sackett, 15 N. Y. 365. The doctrine has been usually applied to cases where the testator had undertaken to dispose of property which was not his own, and had at the same time given a benefit to the person to whom that property belonged, in which case it was held that such person, if he accepted the benefit, must confirm the attempted disposition of his property by the testator. It has also been applied to cases where a gift has been given to a wife in lieu of dower, and then the widow was required to elect whether she would take her dower or take the gift given her by the will. But this was only done when it was fairly to be inferred from the will that the testator did not intend that she should have both legacy and dower. The same rule is applied always when the attempt is made to require a devisee or legatee to elect what he will take under the will. He is at liberty to take everything he is entitled to, both under the will and outside of it, unless it is clearly the intention of the testator that one gift is made upon the condition that he shall not claim other rights to which he may be entitled. No such condition can be implied from the provisions of this will. There is nothing in the will from which it could be inferred that any condition is attached to the gift which would prevent the plaintiff from insisting upon a proper and legal construction of any clause of the will to his own benefit. The result is that the court below erred in concluding that this trust was a valid one; that the trust is void; and, as there is no residuary devise, the property described in the seventh clause of the will went to the heirs at law of the testator, of whom the plaintiff is one; and that the plaintiff is not precluded from insisting upon his rights in that behalf.

The judgment of the court below must therefore be reversed, and there must be a new trial, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice RUMSEY. There is not one word in this will evincing an intention to give the fee of this property to any one except his executors in trust. All that follows after this devise of this house relates solely to the divisional part of the rents and profits after deducting the charges and expenses of the trust. The courts have gone very far in making a

gift of rents and profits, either for life or forever, as a gift of life estate or the fee of real property, but this construction has always proceeded upon the idea that it was carrying out the intention of the testator as clearly expressed by the language used. In this case we have no such intention expressed; nothing here that can lead us to suppose that this testator intended to terminate this trust upon the death of any one or two of his children, or that he intended the fee of the trust estate to vest in any one at any time. There is no residuary clause in the will, and no language used to indicate that the testator had any thought of what was ultimately to become of this piece of property. It is impossible to find from the language used what this testator supposed he was doing with this piece of property when he executed this will, except that his wife was to have two-fifths of the income of the property during her life, his daughter Sophia two-fifths, and that the other one-fifth was to be divided between his daughter Elizabeth and his daughter Bertha, with some disposition of something after the death of these life tenants; but what he intended to dispose of after that time, or what idea he had as to the ultimate disposition of this land, it is impossible to determine. But for the fact that he intended that this trust estate was not to be limited to two lives in being, I think we could easily sustain this as a trust for the purpose mentioned, holding that the remainder vested in the heir at law. The difficulty arises, however, from the fact that here were four people who were to receive a portion of the net income and profits during their lives; and it does not appear how this trust estate, or any part of it, could terminate until all four of these persons were dead. The real estate devised to the trustees is a single building in the business portion of the city. To realize any revenue from this building, it is apparent that it must be rented as a whole, for it would practically destroy the rent-producing power to have it divided among different tenants in common. This is apparent from the form of the devise, for all of the land, with the building thereon and the appurtenances thereunto belonging, known as "No. 114 Fulton Street," in the city of New York, is devised to the executors in trust. Now, under the form of that devise, the fee vested in these trustees, and the vesting of the legal title became necessary because of the duties devolving upon the trustees by the will. They had to rent the entire building, and to have, collect, and receive of and from the tenants of the said property the annual or other rent or rents thereof. The testator thus recognized that the building was rented to several separate tenants. The rents, becoming due at different periods, required active management, with a constant exercise of supervision in the collection of rent and the repairs, and it is clearly the intention of the testator that the total rent of the building should be paid to and received by these trustees. From that total rent so received the testator appropriated a sufficient portion of it to discharge the taxes, assessments, liens, incumbrances, water rents, or insurance and other annual charges that may affect the premises; and, in addition to that, recognizing that the building would need constant repairs, he directed the executors to take

from such gross rent the repairs that should be necessary and the premiums for insurance. Thus, after receiving the rents and paying therefrom the necessary charges for the management of the property, they would have in their hands a sum of money, not the rents of the building, not what they had received as the rents, but a sum of money that could only be ascertained by deducting from the gross rents the amount which had been necessarily expended in the performance of their trusts as relating to the whole of the property. Thus, having ascertained the amount of this sum by deducting these necessary disbursements, the sum was to be paid out by dividing it among four persons during their lives, and, in case of the death of either of these four persons, then the proportion of this sum of money thus ascertained to be payable to the person dying was to be paid to the heirs thereof. As before stated, this gift could not have been the fee of the property, for that was vested in the trustees, and necessarily vested in the trustees until the death of all the beneficiaries. The more this clause is studied the more incomprehensible it seems; the more impossible it is to ascertain just what this testator intended to do. It seems to me that the one clear intention that is expressed is that the trustees should manage this property during the lives of the four persons named; and as the period for which this trust was created exceeds that authorized by law, we have no discretion but to declare the whole scheme void.